MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
MARCO BORJA, LUIS CALLE-CALLE,   and
RUSHE SELIMAJ, *individually and on behalf of*
*others similarly situated,*

|  |  |
|---|---|
| *Plaintiffs,* | **COMPLAINT** |
| -against- | **COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b) AND RULE 23 CLASS ACTION** |
| SAN PIETRO RESTAURANT INC. (d/b/a SAN PIETRO   RESTAURANT),   GERARDO BRUNO, GIUSEPPE BRUNO AND COSIMO BRUNO, | **ECF Case** |

*Defendants.*
-------------------------------------------------------X

Plaintiffs Marco Borja, Luis Calle-Calle and Rushe Selimaj), individually and on behalf

of others similarly situated (collectively, "Plaintiffs"), by and through their attorneys, Michael

Faillace & Associates, P.C., upon their knowledge and belief, and as against San Pietro

Restaurant Inc. (d/b/a San Pietro Restaurant) ("Defendant Corporation"), Gerardo Bruno,

Giuseppe Bruno, and Cosimo Bruno ("Individual Defendants"), (collectively, "Defendants"),

allege as follows:

**NATURE OF THE ACTION**

1.      Plaintiffs are former employees of defendants San Pietro Restaurant Inc. (d/b/a

San Pietro Restaurant), Gerardo Bruno, Giuseppe Bruno and Cosimo Bruno (collectively

"Defendants").

2.       Defendants own, operate, or control an Italian restaurant located at 18 E. 54th St,

New York, New York 10019 under the name San Pietro Restaurant.

3.      Upon information and belief, individual defendants Gerardo Bruno, Giuseppe Bruno and Cosimo Bruno serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the Italian restaurant as a joint or unified enterprise.

4.      Plaintiffs were ostensibly employed as busboys, waiters and coat checkers, but they were required to spend a considerable part of their work day performing non-tipped duties, including but not limited to cleaning the roof, ice coolers and windows, washing the dishes, glasses and containers, cleaning, sweeping and mopping the restaurant, taking out tables and chairs and bringing them in at closing, carrying big blocks of cement from inside the restaurant to outside, and taking reservations (hereafter the "non-tipped duties").

5.      At all times relevant to this Complaint, Plaintiffs worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours per week that they worked.

6.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked, failed to pay Plaintiffs appropriately for any hours worked over 40, either at the straight rate of pay or for any additional overtime premium.

7.      Further, Defendants failed to pay Plaintiffs the required "spread of hours" pay for any day in which they worked over 10 hours per day.

8.      Defendants employed and accounted for Plaintiffs Borja and Calle as tipped employees in their payroll, but in actuality Plaintiffs' duties required a considerable amount of time spent in non-tipped, duties.

9.      Regardless, at all times Defendants paid Plaintiffs Borja and Calle below the tip-credit rate.

10.     Under state law, Defendants were not entitled to take a tip credit because these Plaintiffs' non-tipped duties exceeded 20% of each workday, or 2 hours per day, whichever is less in each day.  12 N.Y.C.R.R. §146.

11.     Upon information and belief, Defendants employed the policy and practice of disguising these Plaintiffs' actual duties in payroll records by designating them as tipped employees instead of non-tipped employees. This allowed Defendants to avoid paying Plaintiffs Borja and Calle at the minimum wage rate and enabled them to pay Plaintiffs Borja and Calle the lower tip-credited rate (which they still failed to do).

12.     In addition, Defendants maintained a policy and practice of unlawfully appropriating Plaintiffs', and other tipped employees', tips and made unlawful deductions from Plaintiffs' and other tipped employees' wages.

13.     Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

14.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

15.      Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

16.     Plaintiffs now bring this action as a class action under Rule 23 and seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

17.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

18.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate an Italian restaurant located in this district. Further, Plaintiffs were employed by Defendants in this district.

## THE PARTIES

*Plaintiffs*

19.     Plaintiff Marco Borja ("Plaintiff Borja" or "Mr. Borja") is an adult individual residing in Queens County, New York. Plaintiff Borja was employed by Defendants from approximately May 2012 until on or about December 2012.

20.     Plaintiff Luis Calle-Calle ("Plaintiff Calle" or "Mr. Calle") is an adult individual residing in Queens County, New York. Plaintiff Calle was employed by Defendants from approximately August 2010 until on or about April 2011 and then from approximately April 2012 until on or about August 2013.

21.     Plaintiff Rushe Selimaj ("Plaintiff Selimaj" or "Ms. Selimaj") is an adult individual residing in Bronx County, New York. Plaintiff Selimaj was employed by Defendants from approximately 2003 until on or about December 22, 2017.

*Defendants*

22.     At all relevant times, Defendants own, operate, or control an Italian restaurant located at 18 E. 54th St, New York, NY 10019 under the name "San Pietro Restaurant".

23.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

24.     Defendants constitute an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r-s).

25.     Upon information and belief, San Pietro Restaurant Inc. (d/b/a San Pietro Restaurant) is a Corporation organized and existing under the laws of the state of New York, and maintains its principal place of business at 18 E. 54th Street, New York, New York 10019.

26.     Defendant Gerardo Bruno is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period.  Defendant Gerardo Bruno is sued individually in his capacity as owner, officer and/or agent of the Defendant Corporation. Defendant Gerardo Bruno possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controls significant functions of Defendant Corporation. He determined the wages and compensation of the employees of Defendants, including Plaintiffs, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

27.     Defendant Giuseppe Bruno is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period.  Defendant Giuseppe Bruno is sued individually in his capacity as owner, officer and/or agent of the Defendant Corporation.

Defendant Giuseppe Bruno possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controls significant functions of Defendant Corporation. He determined the wages and compensation of the employees of Defendants, including Plaintiffs, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

28.     Defendant Cosimo Bruno is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period.  Defendant Cosimo Bruno is sued individually in his capacity as owner, officer and/or agent of the Defendant Corporation. Defendant Cosimo Bruno possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controls significant functions of Defendant Corporation. He determined the wages and compensation of the employees of Defendants, including Plaintiffs, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

29.     Defendants operate an Italian restaurant located in the Midtown section of Manhattan.

30.     The individual defendants, Gerardo Bruno, Giuseppe Bruno and Cosimo Bruno possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, and control significant functions of Defendant Corporation.

31.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

32.     Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

33.     Defendants jointly employed Plaintiffs (and all similarly situated employees) and were Plaintiffs' (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

34.     In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

35.     Upon information and belief, individual defendants Gerardo Bruno, Giuseppe Bruno, and Cosimo Bruno operate Defendant Corporation as either an alter ego of themselves and/or fail to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

    a.  failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a corporation,

    b.  defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

    c.  transferring assets and debts freely as between all Defendants,

    d.  operating  Defendant Corporation for their own benefit as the sole or majority shareholders,

    e.  operating  Defendant Corporation for their own benefit and maintaining control over this corporation as a closed Corporation,

    f.  intermingling assets and debts of their own with  Defendant Corporation,

g.   diminishing and/or transferring assets of  Defendant Corporation to avoid full liability as necessary to protect their own interests, and

h.   other actions evincing a failure to adhere to the corporate form.

36.     At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiffs' services.

37.     In each year from 2012 to 2017, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

38.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the Italian restaurant on a daily basis were goods produced outside of the State of New York.

*Individual Plaintiffs*

39.     Plaintiffs Borja and Calle are former employees of Defendants who ostensibly were employed as busboys and waiters. However, they spent a considerable amount of time performing the non-tipped duties described above.

40.     Plaintiff Selimaj is a former employee of Defendants who primarily was employed as cashier, hostess and coat checker. Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Marco Borja*

41.     Plaintiff Borja was employed by Defendants from approximately May 2012 until on or about December 2012.

42.     Defendants ostensibly employed Plaintiff Borja as a busboy.

43.     However, Plaintiff Borja was also required to spend a significant portion of his work day performing the non-tipped duties described above.

44.     Although Plaintiff Borja was ostensibly employed as a tipped employee, he spent over 20% of each day performing non-tipped work throughout his employment with Defendants.

45.     Plaintiff Borja regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

46.     Plaintiff Borja's work duties required neither discretion nor independent judgment.

47.     Plaintiff Borja regularly worked in excess of 40 hours per week.

48.     From approximately May 2012 until on or about December 2012, Plaintiff Borja worked from approximately 10:30 a.m. until on or about 11:00 p.m. Mondays through Fridays and from approximately 3:00 p.m. until on or about 11:00 p.m. or 12:00 a.m. on Saturdays (typically 70.5 to 71.5 hours per week).

49.     Throughout his employment with defendants, Plaintiff Borja was paid his wages by check.

50.     From approximately May 2012 until on or about December 2012, Defendants paid Plaintiff Borja $5.00 per hour for his regular hours and $8.65 per hour for his overtime hours.

51.     Defendants granted Plaintiff Borja an hour and a half meal break from Mondays through Fridays.

52.     Defendants did not provide Plaintiff Borja with an accurate statement of wages with each payment of wages, as required by NYLL § 195(3).

53.     In addition, Plaintiff Borja's wage statements did not indicate the correct amount of hours that he worked.

54.    Plaintiff Borja was never notified by Defendants that his tips were being included as an offset for wages.

55.    Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Borja's wages.

56.    In addition, Defendants illegally withheld all of the cash tips customers paid Plaintiff Borja (and his fellow tipped employees), and used these tips to pay the porter's and the kitchen dishwashers' weekly salary;

57.    Similarly, Defendants withheld a portion of the credit card tips customers wrote in for Plaintiff Borja (and his fellow tipped employees) to pay the coat room attendant's and other employees' (including the upstairs dishwasher and the bartender who was required to do hostess work for the entire shift. Plaintiff Borja calculates that the withheld credit card tips amounted to approximately $3,000 to $4,000 per week.

58.    Defendants did not give any notice to Plaintiff Borja, in English and in Spanish (Plaintiff Borja's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

59.    Defendants required Plaintiff Borja to purchase "tools of the trade" with his own funds—including one pair of shoes and three pants.

*Plaintiff Luis Calle-Calle*

60.     Plaintiff Calle was employed by Defendants from approximately August 2010 until on or about April 2011 and from approximately April 2012 until on or about August 2013.

61.    Defendants ostensibly employed Plaintiff Calle as a waiter.

62.    However, Plaintiff Calle was also required to spend a significant portion of his work day performing the non-tipped duties described above.

63.     Although Plaintiff Calle was ostensibly employed as a busboy and food runner, he spent over 20% of each day performing non-tipped work throughout his employment with Defendants.

64.     Plaintiff Calle regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

65.     Plaintiff Calle's work duties required neither discretion nor independent judgment.

66.     Plaintiff Calle regularly worked in excess of 40 hours per week.

67.     From approximately April 2012 until on or about August 2013, Plaintiff Calle worked from approximately 10:30 a.m. until on or about 12:30 a.m. or 1:00 a.m. Mondays through Fridays and from approximately 4:00 p.m. until on or about 12:00 a.m. or from approximately 10:30 a.m. until on or about 3:30 p.m. on Saturdays (typically 75 to 80.5 hours per week).

68.     Throughout his employment, Defendants did not pay Plaintiff Calle any wages for the hours he worked.

69.     Instead, Defendants only paid Plaintiff Calle his tips by check.

70.     Defendants granted Plaintiff Calle an hour break every day from Mondays through Fridays.

71.     Plaintiff Calle was never notified by Defendants that his tips were being included as an offset for wages.

72.     Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Calle's wages.

73.    In addition, Defendants illegally withheld all of the cash tips customers paid Plaintiff Calle (and his fellow tipped employees), and used these tips to pay the porter's and the kitchen dishwashers' weekly salary;

74.    Similarly, Defendants withheld a portion of the credit card tips customers wrote in for Plaintiff Calle (and his fellow tipped employees) to pay the coat room attendant's and other employees' (including the upstairs dishwasher and the bartender who was required to do hostess work for the entire shift). Plaintiff Calle calculates that the withheld credit card tips amounted to approximately $3,000 to $4,000 per week.

75.    Defendants did not provide Plaintiff Calle with an accurate statement of wages with each payment of wages, as required by NYLL § 195(3).

76.    Defendants did not give any notice to Plaintiff Calle, in English and in Spanish (Plaintiff Calle's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL § 195(1).

77.    Defendants required Plaintiff Calle to purchase "tools of the trade" with his own funds—including five white jackets, ten ties, three pants, twenty shirts and two pairs of shoes.

*Plaintiff Rushe Selimaj*

78.    Plaintiff Selimaj was employed by Defendants from approximately 2003 until on or about December 22, 2017.

79.    Defendants employed Plaintiff Selimaj as a cashier, hostess and coat checker.

80.    Plaintiff Selimaj regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

81.    Plaintiff Selimaj's work duties required neither discretion nor independent judgment.

82.    Plaintiff Selimaj regularly worked in excess of 40 hours per week.

83.     From approximately January 2012 until on or about March 2016, Plaintiff Selimaj worked from approximately 10:00 a.m. until on or about 11:00 p.m. on Mondays, from approximately 11:30 a.m. until on or about 3:00 p.m. and from approximately 5:00 p.m. until on or about 11:00 p.m. four days per week (typically 51 hours per week).

84.     From approximately March 2016 until on or about April 2016, Plaintiff Selimaj worked from approximately 11:30 a.m. until on or about 3:00 p.m. and from approximately 5:00 p.m. until on or about 11:00 p.m. Tuesdays through Fridays (typically 38 hours per week).

85.     From approximately May 2016 until on or about December 22, 2017, Plaintiff Selimaj worked from approximately 9:00 a.m. until on or about 3:00 p.m. and from approximately 5:00 p.m. until on or about 10:15 p.m. Tuesdays through Thursdays and from approximately 5:00 p.m. until on or about 10:15 p.m. Mondays and Fridays (typically 44 hours per week).

86.     Throughout her employment with Defendants, Plaintiff Selimaj was paid her wages in a combination of cash and check: by check the first 40 hours and the rest in cash.

87.     From approximately January 2012 until on or about December 2014, Plaintiff Selimaj was paid $19 per regular and overtime hour worked.

88.     From approximately January 2015 until on or about April 2016, Plaintiff Selimaj was paid $20 per regular and overtime hour worked.

89.     From approximately May 2016 until on or about December 22, 2017, Plaintiff Selimaj was paid $21 per regular and overtime hour worked.

90.     Defendants did not pay Plaintiff Selimaj when she worked Saturdays during Christmas holidays in the years 2012, 2013 and 2014. Further, Plaintiff Selimaj was not paid when she worked Valentine's Day in 2015.

91.     Plaintiff Selimaj was never notified by Defendants that her tips were being included as an offset for wages.

92.     Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Selimaj's wages.

93.     In addition, Defendant Gerardo Bruno would pocket all of the cash tips customers paid Plaintiff Selimaj and the coat room attendants every shift.

94.     Defendants did not provide Plaintiff Selimaj with an accurate statement of wages with each payment of wages, as required by NYLL § 195(3).

95.     In addition, Plaintiff Selimaj's wage statements did not indicate the correct amount of hours that she worked.

96.     Defendants did not give any notice to Plaintiff Selimaj of her rate of pay, employer's regular pay day, and such other information as required by NYLL § 195(1).

*Defendants' General Employment Practices*

79.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work in excess of 40 hours a week without paying them appropriate minimum wage, overtime and spread of hours pay as required by federal and state laws.

80.     Plaintiffs have been victims of Defendants' common policy and practices which violate their rights under the FLSA and New York Labor Law *inter alia*, by not paying them the wages they were owed for the hours they worked.

81.     Defendants' pay practices resulted in Plaintiffs not receiving payment for all their hours worked, resulting in Plaintiffs' effective rate of pay falling below the required minimum wage rate.

82.     As part of its regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiffs by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL. This policy and pattern or practice included depriving plaintiffs of a portion or all of the tips earned during the course of employment.

83.     Defendants unlawfully misappropriated charges purported to be gratuities received by Plaintiffs, and other tipped employees, in violation of New York Labor Law § 196-d (2007).

84.     Under the FLSA and NYLL, in order to be eligible for a "tip credit," employers of tipped employees must either allow employees to keep all the tips that they receive, or forgo the tip credit and pay them the full hourly minimum wage.

85.     At no time did Defendants inform Plaintiffs that they reduce their hourly wage by a tip allowance.

86.     Defendants habitually required Plaintiffs to work additional hours beyond their regular shifts but did not provide them with appropriate additional compensation.

87.     Defendants required Plaintiffs Borja and Calle to perform general non-tipped Italian restaurant tasks in addition to their primary duties as busboy and waiter.

88.     Plaintiffs Borja and Calle were employed ostensibly as tipped employees by Defendants, although they spent several hours per day performing non-tipped duties.

89.     These Plaintiffs were paid below the lowered tip-credited rate by Defendants. However, under state law, Defendants were not entitled to a tip credit because these Plaintiffs' non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever is less). 12 N.Y. C.R.R. § 146-2.9.

90.     Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

91.    Plaintiff Borja and Calle's duties were not incidental to their occupation as busboys, food runners and waiters, but instead constituted entirely unrelated general Italian restaurant work with duties including the non-tipped duties described above.

92.    In violation of federal and state law, as discussed above, Defendants classified Plaintiffs Borja and Calle as tipped employees and paid them at the tip-credited rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

93.    Defendants failed to inform Plaintiffs who received tips that Defendants intended to take a deduction against Plaintiffs' earned wages for tip income, as required by the NYLL before any deduction may be taken.

94.    Defendants failed to inform Plaintiffs Borja and Calle that their tips would be credited towards the payment of the minimum wage.

95.    Defendants failed to maintain a record of tips earned by Plaintiffs for the services they performed for customers.

96.    Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for their full hours worked.

97.    Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

98.    Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated current and former tipped employees.

99.     Defendants failed to provide Plaintiffs and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

100.     Defendants failed to provide Plaintiffs and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

101.     Plaintiffs bring their FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA and Rule 23 class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA class Period").

102.     At all relevant times, Plaintiffs and other members of the FLSA and Rule 23 Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage and overtime at a one and one-half times their regular rates for work in excess of forty (40) hours per workweek.

103.     The claims of Plaintiffs stated herein are similar to those of the other employees.

## **FEDERAL RULE 23 CLASS ACTION ALLEGATIONS**

104.     Plaintiffs sue on their own behalf and on behalf of a class of persons similarly situated under Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

105.     Plaintiffs bring their New York Labor Law minimum wage, overtime, spread-of-hours, wage deduction, and liquidated damages claims on behalf of all persons who are or were employed by Defendants in the State of New York, on or after the date that is six years before the filing of the complaint in this case, to entry of judgment in this case (the "Class Period"). All said persons, including Plaintiffs, are referred to herein as the "Class."

106.     The persons in the Class are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and facts on which the calculation of that number are presently within the sole control of Defendants, there are approximately over sixty members of the Class during the Class Period.

107.     There are questions of law and fact common to the Class including:

    a.  What proof of hours worked is sufficient where Defendants fail in their duty to maintain time records;

    b.  What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of wages for all hours worked;

c.   What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of at least minimum wages for all hours worked;

d.   Whether Defendants failed and/or refused to pay Plaintiffs the minimum wage and overtime at the premium rate within the meaning of the New York Labor Law;

e.   Whether Defendants failed and/or refused to pay Plaintiffs "Spread of Hours" Pay;

f.   Whether Defendants improperly deducted "shorts" from the Plaintiffs' wages;

g.   At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay the class members for their work; and

h.   What are the common conditions of employment and in the workplace, such as recordkeeping, clock-in procedures, breaks, and policies and practices that affect whether the class was paid at overtime rates for minimum wage and overtime work.

108.   The claims of the representative parties are typical of the claims of the class. Plaintiffs and the other class members were subjected to Defendants' policies, practices, programs, procedures, protocols and plans alleged herein concerning non-payment of overtime, non-payment of wages, and failure to keep required records. The job duties of the named Plaintiffs were and are typical of those of class members.

109.   The representative parties will fairly and adequately protect the interests of the Class and have no interests antagonistic to the class. The Named Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation.

110.    The common questions of law and fact predominate over questions affecting only individual members.

111.    A class action is superior to other available methods for fairly and efficiently adjudicating controversy, particularly in the context of wage and hour litigation, where individual plaintiffs lack the financial resources to prosecute a lawsuit in federal court against corporate defendants vigorously. The damages suffered by individual class members are small, compared to the expense and burden of individual prosecution of this litigation. Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

112.    Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

**<u>FIRST CAUSE OF ACTION</u>**

**(VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA)**

116.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

117.    At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiffs (and the FLSA and Rule 23 class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

118.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

119.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

120.    In violation of 29 U.S.C. § 206(a), Defendants failed to pay Plaintiffs (and the FLSA and Rule 23 class members), at the applicable minimum hourly rate.

121.    Defendants' failure to pay Plaintiffs (and the FLSA and Rule 23 Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

122.    Plaintiffs (and the FLSA and Rule 23 class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### (VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA)

123.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

124.    Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiffs (and the FLSA and Rule 23 class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

125.    Defendants' failure to pay Plaintiffs (and the FLSA and Rule 23 Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

126.    Plaintiffs (and the putative FLSA and Rule 23 Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### (VIOLATION OF THE NEW YORK MINIMUM WAGE ACT)

127.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

128.    At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiffs (and the FLSA and Rule 23 class members) controlled their terms and conditions of employment, and determined the rates and methods of any compensation in exchange for their employment.

129.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiffs (and the FLSA and Rule 23 class members) less than the minimum wage.

130.    Defendants' failure to pay Plaintiffs (and the FLSA and Rule 23 class members) the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

131.    Plaintiffs (and the FLSA and Rule 23 class members) were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### (VIOLATION OF THE OVERTIME PROVISIONS OF THE

### NEW YORK STATE LABOR LAW)

132.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

133.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiffs (and the FLSA and Rule 23 class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

134.    Defendants' failure to pay Plaintiffs (and the FLSA and Rule 23 class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

135.    Plaintiffs (and the FLSA and Rule 23 class members) were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### (VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

### OF THE NEW YORK COMMISSIONER OF LABOR)

136.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

137.    Defendants failed to pay Plaintiffs (and the FLSA and Rule 23 class members) one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq.* and 650 *et seq.* and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 142-1.6.

138.    Defendants' failure to pay Plaintiffs (and the FLSA and Rule 23 class members) an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours was willful within the meaning of New York Lab. Law § 663.

139.    Plaintiffs (and the FLSA and Rule 23 class members) were damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

## (VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW)

140.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

141.    Defendants failed to provide Plaintiffs (and the FLSA and Rule 23 class members) with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

142.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

### (VIOLATION OF THE WAGE STATEMENT PROVISIONS

### OF THE NEW YORK LABOR LAW)

143.    Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

144.    With each payment of wages, Defendants failed to provide Plaintiffs (and the FLSA and Rule 23 class members) with a statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

145.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION

### (VIOLATION OF THE TIP WITHHOLDING PROVISIONS

### OF THE NEW YORK LABOR LAW)

146.    Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

147.    Defendants unlawfully and without permission from Plaintiffs (and the FLSA and Rule 23 class members) misappropriated and withheld gratuities paid by customers which should have been retained by Plaintiffs (and the FLSA and Rule 23 class members).

148.    Defendants' action violates NYLL §196-d.

149.    Defendants are liable to Plaintiffs (and the FLSA and Rule 23 class members) in an amount to be determined at trial.

## NINTH CAUSE OF ACTION

## (RECOVERY OF EQUIPMENT COSTS)

150.    Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

151.    Defendants required Plaintiffs (and the FLSA and Rule 23 class members) to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform their jobs, such as work uniforms, further reducing their wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

152.    Plaintiffs (and the FLSA and Rule 23 class members) were damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA and Rule 23 class members;

(c)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA and Rule 23 class members;

(d)    Declaring that Defendants violated the recordkeeping requirements of, and

associated rules and regulations under, the FLSA with respect to Plaintiffs' and the FLSA and Rule 23 class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)    Declaring that Defendants' violation of the provisions of the FLSA are willful as to Plaintiffs and the FLSA and Rule 23 class members;

(f)    Awarding Plaintiffs and the FLSA and Rule 23 class members damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)    Awarding Plaintiffs and the FLSA and Rule 23 class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)    Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs and the FLSA and Rule 23 class members;

(i)    Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs and the FLSA and Rule 23 class members;

(j)    Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiffs and the FLSA and Rule 23 class members;

(k)    Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs' and the FLSA and Rule 23 class members' compensation, hours, wages and any deductions or credits taken against wages;

(l)    Declaring that Defendants violated the tip withholding provisions of the New York Labor Law;

(m)    Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order are willful as to Plaintiffs and the FLSA and Rule 23 class members;

(n)    Awarding Plaintiffs and the FLSA and Rule 23 class members damages for the amount of unpaid minimum and overtime wages, and for any improper deductions or credits taken against wages and improper withholding of gratuities, as well as awarding spread of hours pay under the NYLL, as applicable;

(o)    Awarding Plaintiffs and the FLSA and Rule 23 class members damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(p)    Awarding Plaintiffs and the FLSA and Rule 23 class members liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(q)    Awarding Plaintiffs and the FLSA and Rule 23 class members pre-judgment and post-judgment interest as applicable;

(r)    Awarding Plaintiffs and the FLSA and Rule 23 class members the expenses incurred in this action, including costs and attorneys' fees;

(s)    Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(t)    All such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated:  New York, New York
        January 12, 2018

                                    MICHAEL FAILLACE & ASSOCIATES, P.C.

                        By:     /s/ Michael Faillace
                                Michael A. Faillace [MF-8436]
                                60 East 42nd Street, Suite 4510
                                New York, New York 10165
                                Telephone: (212) 317-1200
                                Facsimile: (212) 317-1620

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

January 9, 2018

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                     Rushe Selimaj

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:                 _R Selvировaj_

Date / Fecha:                      09 de enero de 2018

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

————

Faillace@employmentcompliance.com

December 29, 2017

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                          Marco  Leopoldo Borja Escobar

Legal Representative / Abogado:        Michael Faillace & Associates, P.C.

Signature / Firma:                      _Marco Borja Escobar_

Date / Fecha:                          29 de diciembre 2017

*Certified as a minority-owned business in the State of New York*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

January 3, 2018

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                          Luis  Calle-Calle

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                          3 de enero 2018

*Certified as a minority-owned business in the State of New York*